UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEREK FORD                                                                                      PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:15CV692 DPJ-FKB

MSIP I JACKSON, LLC;
G4S SECURE SOLUTIONS (USA) INC.;
AND FICTITIOUS PARTIES A-Z                                                         DEFENDANTS

ORDER

This premises-liability action is before the Court on motion of Defendant G4S Secure Solutions (USA), Inc. ("G4S") for summary judgment [12] pursuant to Federal Rule of Civil Procedure 56. In response, Plaintiff Derek Ford filed a motion for discovery [17] pursuant to Rule 56(d), which Defendant opposes. The Court, having considered the submissions of the parties, finds that Plaintiff's motion [17] should be granted and Defendant's motion [12] should be denied without prejudice.

I.    Facts and Procedural History

On September 28, 2014, Plaintiff Derek Ford was violently beaten by unknown assailants while unloading items from a truck for his employer at a facility off I-55 in Jackson, Mississippi.[1] According to the Complaint, the facility is owned by Defendant MSIP I Jackson, LLC ("MSIP") and Defendant G4S provided security. Ford asserts claims of premises liability and gross negligence against both Defendants based on their failure to make the facility reasonably safe. Specifically, Ford asserts that G4S and/or an unknown off-duty police officer hired by MSIP failed to provide adequate security.

---

[1] Ford was an employee of non-party Jacobsen Companies; he pursued worker's compensation benefits against Jacobsen.

In its motion for summary judgment, G4S submits that it cannot be held liable to Ford because it was not responsible for security services at the site during the time frame of the assault.  As support, it submitted its security services contract with Ford's employer and the incorporated schedule, which reflects a gap in coverage from 5pm Sunday to 11pm Sunday.  Contract [12-3].  According to the police report, the assault occurred at 10:36pm on Sunday, September 28.  Report [12-4].

In response, Ford claims that unidentified representatives "of the security firm" were present while police officers were taking his statement.  Ford Aff. [17-2].  He seeks a Rule 56(d) continuance to conduct discovery to determine "who these representatives were and with what security firm they were associated."  Resp. [17] at 2.  G4S opposes the request, or alternatively asks the Court to allow only very limited discovery on the issue of the security contract in place at the time of the assault.[2]

II.     Analysis

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  Though a party may seek summary judgment at anytime, Rule 56(d)(1) permits the Court to defer considering a summary-judgment motion or deny it when a nonmovant "shows by affidavit or deceleration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion.

---

[2] G4S notes that the police arrived at 10:53pm and seems to suggest that the unknown person may have been its employee, arriving for work at 11pm.  Resp. [28] at 2.

The Court may "allow time to obtain affidavits or decelerations or to take [additional] discovery" or enter appropriate orders. Fed. R. Civ. P. 56(d)(2)(3). The decision to grant or deny a Rule 56(d) motion is within the sound discretion of the Court. *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). But Rule 56(d) motions are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

Here, G4S moved for summary judgment on the same day it filed its answer, so no discovery has taken place. Plaintiff complied with Rule 56(d), submitting an affidavit from his attorney, as well as his own affidavit, in support of his request for discovery. He seeks specific information regarding an unknown individual at the scene in order to establish if G4S was actually on site, and if not, the identify of the security firm represented. The Court finds that limited discovery is appropriate and may include depositions, interrogatories, or requests for production of documents. *See* Wilson Aff. [17-1] (outlining request). The scope may include the security-services contract and parties present on the scene the day of the attack.

III.   Conclusion

The Court has considered all the arguments presented; those not addressed would not have changed the result. For the foregoing reasons, the Court finds Plaintiff's motion for limited

discovery [17] is granted; Defendant's motion for summary judgment [12] is denied without prejudice.[3]

The parties are given 45 days to conduct limited discovery. Within 14 days of the completion of discovery, Defendant may refile its motion (in its original form or supplemented). The response and reply may then be filed in accordance with the local rules.

**SO ORDERED AND ADJUDGED** this the 3rd day of June, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3] Defendant's motion to dismiss [14], which is a duplicate filing of its answer [11] styled as a motion to dismiss, is likewise denied without prejudice. The answer, motion to dismiss, and motion for summary judgment were all filed the same day and assert the same grounds for dismissal of Plaintiff's claims.